**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT L. SCHULZ,**

        **Plaintiff,**         **1:08-CV-991**
                                          **(GLS/DRH)**
        **v.**

**UNITED STATES FEDERAL RESERVE SYSTEM; BEN S. BERNANKE,**[1] _Chairman of the United States Federal Reserve System_; **UNITED STATES DEPARTMENT OF THE TREASURY; HENRY M. PAULSON, JR.,** _Secretary of the United States Department of the Treasury_; _and_ **UNITED STATES,**

        **Defendants.**
_____

**ROBERT L. SHULZ,**

        **Plaintiff,**         **1:08-CV-1011**
        **v.**         **(GLS/DRH)**

**UNITED STATES EXECUTIVE DEPARTMENT; GEORGE W. BUSH,** _President of the United States_; **HENRY M. PAULSON, JR.,** _Secretary of the Treasury_; **UNITED STATES CONGRESS; NANCY PELOSI,** _Speaker of the House of Representatives_; **HARRY REID,** _Senate Majority Leader_; **UNITED STATES**

---

[1] Misspelled in the complaint as "Bernanki."

**FEDERAL RESERVE SYSTEM; BEN S. BERNANKE,** *Chairman of the Board of the United States Federal Reserve System*,

                    **Defendants.**

_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|

**FOR THE PLAINTIFF:**

ROBERT L. SCHULZ
*Pro Se*
2458 Ridge Road
Queensbury, New York 12804

**FOR DEFENDANTS:**

| | |
|---|---|
| HON. ANDREW T. BAXTER | CHARLES E. ROBERTS |
| Acting United States Attorney | Assistant United States Attorney |
| P.O. Box 7198 | |
| 100 S. Clinton Street | |
| Syracuse, New York 13261-7198 | |

**Gary L. Sharpe
U.S. District Judge**

## SUMMARY ORDER

In these consolidated actions,[2] plaintiff Robert L. Schulz ("Schulz") contends that the federal government's $85 billion bailout of American

---

[2] The court consolidated 1:08-CV-991 and 1:08-CV-1011 by order signed September 25, 2008. (See Dkt. No. 11; 1:08-CV-991.)

2

Insurance Group and the $700 billion economic bailout of the mortgage industry are an unconstitutional use of taxpayer funds and *ultra vires*. (See Dkt. Nos. 1; 1:08-CV-991, 1:08-CV-1011.) Schulz seeks declarations to such effect and an order enjoining the AIG bailout. *Id.*

Currently pending before the court is defendants' motion to dismiss (Dkt. No. 15; 1:08-CV-991.) under FED. R. CIV. P. 12(b)(1) on grounds that: 1) Schulz lacks Article III standing; 2) Schulz lacks prudential standing; and 3) defendants Nancy Pelosi, Harry Reid and the United State Congress are immune from this suit under the Speech and Debate Clause of the Constitution. (Dkt. No. 15.) Finding the issue of Article III standing to be dispositive, the court declines to address the remaining arguments in detail.

"In every federal case, the party bringing the suit must establish standing to prosecute the action" under Article III of the Constitution *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). Article III standing requires that the following three elements be satisfactorily pled: (1) "an injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical;" (2) "a causal connection between the injury and the conduct complained of;" and (3) a likelihood "that the injury will be redressed by a favorable decision." *Lujan v.*

3

*Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Turning to the first prong, Schulz seemingly proffers the alleged misuse of his tax dollars for improper bailouts as his injury for standing purposes. (See generally Dkt. Nos. 1; 1:08-CV-991, 1:08-CV-1011.) This injury, however, "is not concrete and particularized, but instead a grievance the taxpayer suffers in some indefinite way in common with people generally." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006) (internal citations and quotation marks omitted). The Supreme Court has repeatedly declined to extend standing in such circumstances.[3] *Id.* at 346; *see also Hein v. Freedom From Religion Found.*, 127 S.Ct. 2553, 2563 (2007) (plurality opinion); *Frothingham v. Mellon*, decided with *Massachusetts v. Mellon*, 262 U.S. 447, 488 (1923). Accordingly, Schulz's status as a taxpayer is clearly insufficient to confer Article III standing upon him, and these actions must be dismissed with prejudice.

**WHEREFORE,** for the foregoing reasons, and those stated in defendants' brief, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 15; 1:08-CV-

---

[3]The only exception to the bar on taxpayer standing exists under the narrow circumstances where legislation passed pursuant to the Taxing and Spending Clause in Article I, § 8 of the Constitution violates the Establishment Clause. *See Flast v. Cohen*, 392 U.S. 83 (1968). Such circumstances are not present here.

4

991.) is GRANTED; and it is further

**ORDERED** that the Clerk of the Court enter judgment in favor of the defendants in cases 1:08-CV-991 and 1:08-CV-1011, and close those cases; and it is further

**ORDERED** that the Clerk of the Court provide the parties with a copy of this Order by regular mail.

**IT IS SO ORDERED.**

Albany, New York
Dated: February 24, 2009

*[Signature]*
United States District Court Judge